## SUBSCRIBER FOR PREFERRED STOCK, RECEIVING COMMON STOCK FREE, HELD LIABLE.

Circuit Court of Cuyahoga County.

### H. O. Yoder v. Alexander Tubman.

Decided, December 4, 1911.

*Corporations—Preferred Stock—Collection of Subscriptions to—Limitations of Action Upon—Purchaser of Such Claims from Trustee in Bankruptcy.*

I. An action may be brought for the collection of a subscription to the preferred stock of a corporation upon its insolvency, when it appears that the debts of the corporation exceed its assets and the full amount of unpaid subscriptions to all of the common as well as to all of the preferred stock without waiting until all remedy against subscribers to common stock has been exhausted.

2. The limitation of eighteen months expressed in Section 8688, General Code, within which an action upon the liability of stockholders must be brought, does not apply to an action to collect an unpaid subscription to stock.

3. A trustee in bankruptcy of an insolvent corporation may, under proper order, sell claims for unpaid subscriptions to capital stock of the corporation and the purchasers of such claims from the trustee may maintain an action thereon against such subscribers, but whether he can recover from them more than he paid for the claims, *quaere.*

*H. O. Yoder,* for plaintiff in error.
*Dissette, Dissette & Dissette,* contra.

Marvin, J.; Winch, J., and Henry, J., concur.

Error to the court of common pleas.

This was an action upon a subscription for preferred stock in a corporation, common stock being also promised the subscriber free.

To this amended petition a demurrer was filed and sustained and thereupon, the plaintiff not desiring to plead further, the court entered judgment for the defendant.

On behalf of the defendant in error it is urged, first, that the written agreement sued upon was illegal, because of the language at the close of the writing in these words: "Twelve shares common, free." It is said that this language shows that the corporation was making a promise to this subscriber which it had no authority of law to make.

Conceding this to be true, was there any less an obligation on the part of the promiser to pay the agreed price for that which the corporation had a right to issue to him? We think not. The promiser may as well be supposed to know as the promisee that he would have no right under this contract to receive any stock except that for which he paid.

It is further urged that the plaintiff's petition fails to state that the remedy against the common stockholders has been exhausted, or by what right he seeks to hold a subscriber of preferred stock.

A reading of the petition shows that all the assets of the corporation had been converted into money and applied to the payment of debts of the corporation, and that the corporation still owed debts largely in excess of all which remained unpaid upon subscriptions for capital stock, so that, if the allegations of the petition are true in this regard, there would be no reason why a proper party might not bring a suit against each of the subscribers for stock, whether such subscription were for common or preferred stock, since when all was collected, there would still be less than enough to pay the debts.

The language of the statute, General Code, 8670, reads:

"Upon the insolvency of the corporation no holder of preferred stock shall be liable for its debts until after the remedy against the common stockholders upon their liability, as provided by law, has been exhausted, and then only for such amount as re-

mains unpaid. Such liability in no event shall exceed that fixed by law for the common stock of such corporation.''

But it can not be supposed that an action against preferred stockholders is premature when the facts are that by exercising the claims on subscriptions for common stock, there would be so great a deficiency as that all of the unpaid subscriptions for preferred stock added to it would still be insufficient to pay. To construe the statute in this wise might delay the collection of subscriptions for preferred stock, when it is certain that all will have to be collected in order that the creditors be paid, until each subscriber for common stock fought his case through, if he chose to, to the Supreme Court of the state. This would result in great delay and to no good purpose. If the subscribers to the preferred stock could be released entirely from the payment for their stock, or could be relieved from the payment of some part of their subscription, by exercising all the remedies against the subscribers for common stock, the statute would apply; but that is not the case here. When all the subscribers for the common stock have paid, if the allegations of this petition are true, the subscribers for preferred stock would still be liable for their entire subscription. This objection is not well taken.

It is again urged that by reason of the language of Section 8688 of the General Code, the plaintiff is barred from bringing this action, because it was brought more than eighteen months after the obligation, if there were any, became enforceable. This section reads:

''An action upon the liability of stockholders under the two next preceding sections, can only be brought within eighteen months after the date the obligation shall become enforceable against stockholders.''

Referring to the preceding sections named, we find that they have reference to the liability of stockholders as it was prior to the 23d day of November, 1903. Up to that time, each stockholder was liable for the payment of the debts of the corporation to an amount equal to his capital stock, and it is that liability for which, under Section 8688, the suit must be brought within eighteen months. This objection is not well taken.

This brings us to a consideration of the question of whether the trustee in bankruptcy could assign, under an order of the court, to the plaintiff in this section the right to bring this suit. If what we have already said is correct, we have only the question of whether the right to bring such a suit is limited to the trustee alone, or whether he may sell it to another. Generally the assets of the corporation, of which the obligation of the subscriber for stock is one, may be sold by the trustee. We know of no prohibition against this right being sold by the trustee when the court shall so order, and when the trustee receives pay for such chose in action, and uses the money so received by him toward the discharge of the debts of the corporation.

We do not undertake to say whether the plaintiff here would be entitled to recover the full amount of the subscription, or only what he paid for it, what the creditors received, but we do hold that he was entitled to recover something if the allegations of his petition are true; and so we think the court erred in sustaining the demurrer and entering judgment for the defendant, and that the plaintiff failed to receive substantial justice.

The judgment of the court of common pleas is therefore reversed and the case remanded.